IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| Derrick Bernard Jackson, | ) | C/A No. 8:13-01179-JMC-JDA |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Kenny Atkinson, Warden, | ) | |
| Respondent. | ) | |

This matter is before the Court on Respondent's motion to deny petition for writ of habeas corpus [Doc. 35] and motion to dismiss [Doc. 46]. Petitioner, proceeding pro se, is a federal prisoner seeking relief under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on April 25, 2013.[1] [Doc. 1.] On June 19, 2013, Respondent filed a motion to deny petition for writ of habeas corpus. [Doc. 35.] On June 20, 2013, the Court issued an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion to deny petition. [Doc. 36.] Petitioner filed a response in opposition to Respondent's motion on June 25, 2013. [Doc. 40.] On July 23, 2013, Respondent filed

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on April 25, 2013. [Doc. 1 at 2 (original Petition, dated April 25, 2013); Doc. 1-2 (envelope stamped as mailed April 25, 2013).]

a motion to dismiss. [Doc. 46.] On July 24, 2013, the Court issued another *Roseboro* Order as to the motion to dismiss. [Doc. 46.] Although Petitioner was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately, Petitioner elected not to respond to the motion to dismiss.[2]

## BACKGROUND

At the time he filed the Petition, Petitioner was incarcerated at the Federal Correctional Institution located in Edgefield, South Carolina ("FCI Edgefield"). [Doc. 1-3 at 1.] He was sentenced on November 28, 2012, to a six-month term of imprisonment by the United States District Court for the Middle District of Georgia for a Supervised Release Violation. [Doc. 1-1 at 1; Doc. 35-1 at 3–5.] Petitioner alleges that his sentence was to expire in its entirety on June 29, 2013, that he was to be eligible for home confinement on June 12, 2013, and that Respondent would not sign off on Petitioner's placement on home confinement for the final ten percent term of imprisonment. [Doc. 1 at 1.] Petitioner contends that he was denied due process when Respondent refused to place Petitioner on home detention. He also alleges that he was denied due process when the Bureau of Prisons refused to credit him good conduct time, prorated because the time served was less than a full year. [Doc. 1-3 at 8.] Petitioner seeks an order granting him "placement

---

[2]The Court notes Petitioner's mail has been returned, stamped "RETURN TO SENDER/NO SUCH STREET/UNABLE TO FORWARD." [Docs. 49, 53.] Additionally, Petitioner notified the Clerk of Court via telephone that he is no longer incarcerated and provided a new address to the Clerk. However, Petitioner has been ordered to keep the Clerk of Court advised **in writing** if his address changes and has been warned of the possible consequences, including dismissal of his case, for violating this order. [Doc. 9 at 2.] Nevertheless, the Clerk of Court re-mailed the filings that were returned, along with a change of address form, to the address Petitioner provided over the telephone. [Doc. 52.] Petitioner continued to elect not to comply with the Court's order to update his address in writing and not to respond to the motion to dismiss, despite being advised of the consequences of such actions. Because Petitioner's claims are moot now that he is no longer incarcerated, the Court will address Respondent's motion to dismiss without a response from Petitioner. Alternatively, the Court recommends this case be dismissed for failure to prosecute and to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

2

on home detention on June 12, 2013, and or release from imprisonment based on GCT." [*Id.* at 10.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motions to Dismiss Standards**

*Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the

3

pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(6)*

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is

4

> entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

**Habeas Corpus**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871

F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997)); *see also Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

## **DISCUSSION**

In his motion to dismiss, Respondent argues the Petition is moot because Petitioner's federal sentence has expired. [Doc. 46 at 2–4.] The Court agrees.

A petitioner must be in custody at the time he brings a habeas petition. *See* 28 U.S.C. § 2241; *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986). Subsequent release of a prisoner does not deprive a habeas court of subject matter jurisdiction. *Id.* at 842. However, "[t]he question of mootness is separate and distinct from the jurisdictional issue.

. . . 'In general a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."'" *Id.*

In *Leonard*, the Fourth Circuit noted that there are two exceptions to the mootness doctrine: (1) the "collateral consequences" exception; and (2) the "capable of repetition, yet evading review" exception. *Id.* Under the collateral consequences exception, a habeas claim is not moot where a conviction results in collateral consequences that survive the sentence. *Id.* "Where the criminal conviction, for example, results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial function long after []he has been freed." *Broughton v. State of N.C.*, 717 F.2d 147, 148–149 (4th Cir. 1983) (internal citations omitted). Under the capable of repetition, yet evading review exception, a conviction is not moot where two elements are met: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Leonard*, 804 F.2d at 842 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)) (alterations in original).

Here, neither exception applies. Petitioner was released on June 28, 2013.[3] In this case, Petitioner is not challenging his conviction but instead contends that he was denied due process when Respondent refused to place Petitioner on home detention during the final ten percent of his term of imprisonment and when the Bureau of Prisons refused to credit him good conduct time; accordingly, the collateral consequences doctrine does not apply. Additionally, there is no reasonable possibility that the situation will recur because, hopefully, Petitioner will never return to prison. Thus, the capable of repetition, yet evading review doctrine does not apply. Accordingly, Petitioner's release renders his Petition moot.[4]

**RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion to dismiss be GRANTED and Respondent's motion to deny petition for writ of habeas corpus be FOUND AS MOOT.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 8, 2013
Greenville, South Carolina

---

[3] *See* www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=88457-020&x=76&y=12 (Federal Bureau of Prisons website indicating inmate Derrick Bernard Jackson, register # 88457-020 was released on 06-28-2013) (last visited Oct. 8, 2013); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"). Additionally, Petitioner notified the Clerk of Court via telephone that he is no longer incarcerated, and the Sentence Monitoring Computation Data sheet for Petitioner from June 11, 2013 indicated Petitioner's then-projected release date of June 29, 2013, was a Full Term release. [Doc. 35-1 at 6.]

[4] It also appears Petitioner has not properly exhausted his administrative remedies. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks omitted)). However, it is not necessary for the Court to make a finding regarding exhaustion because the case is moot.

8